UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Lee Garner,    #57768-019, | ) | C/A No. 3:11-2702-TLW-JRM |
| Plaintiff, | ) | |
| vs. | ) | |
| The Supreme Court of United States; | ) | |
| The United States Department of Justice; | ) | |
| The United States District Court of Boston, MA.; | ) | |
| The South Carolina Administrative Law Court; | ) | |
| The South Carolina Supreme Court; | ) | |
| President Barack Obama; | ) | |
| Former Presidents of the Unites States George Bush Sr., and George W. Bush Jr.; | ) | |
| Vice President Joe Biden; | ) | |
| Former President of the United States Dick Cheney; | ) | Report and Recommendation |
| U.S. Secretary of State Hilary Clinton; | ) | |
| U.S. Speaker of the House Nancy Peloski; | ) | |
| U.S. Chief of Staff Rahm Emanuel; | ) | |
| Secretary of Defense of U.S. Robert Gates; | ) | |
| Lt. R. Miller, Jr.; | ) | |
| J. Sheriff; | ) | |
| S. Argensta; | ) | |
| R. Hamilton; | ) | |
| M. Longenburger; | ) | |
| C. Tallent; and | ) | |
| Ofc. B. Harrison, | ) | |
| Defendants. | ) | |

David Lee Garner (Plaintiff), a federal inmate proceeding *pro se*, brings this civil rights action against state and federal employees, officials and agencies.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is incarcerated at the United States Penitentiary (USP) in Lewisburg, Pennsylvania, and files this action *in forma*

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and <em>In Forma Pauperis</em> Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Amended Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

The Court received a pleading from Plaintiff, dated September 29, 2011, which was filed as a Complaint. ECF No. 1. Plaintiff's Complaint did not clearly name any defendants. Instead, Plaintiff attached a "List of Affiliates" to the pleading, containing dozens of state and federal employees and various governmental agencies. *Id.* at 3-4. Plaintiff's Complaint was difficult to

decipher, but alleged the "abduction in conspiracy to interfere, tamper with target legal documentation." *Id.* at 1. The pleading discussed Plaintiff's transfer between several federal prisons in July and August, 2011. *Id.* at 1, 10-12. The Complaint also alleged an assault on Plaintiff by unidentified officers, Plaintiff's placement in a strip cell and placement in restraints, which allegedly caused injury to Plaintiff's left hand. *Id.* at 11-12, 19. As Plaintiff claimed "imminent danger" throughout the pleading, an Order was issued on October 28, 2011, giving Plaintiff an opportunity to submit his claims on a standard complaint form and otherwise bring this case into proper form. ECF No. 5. The Order advised Plaintiff that his claims, and the defendants he intended to name, were unclear. *Id.* at 2. Thus, Plaintiff was directed to clearly list the defendants in the caption of the complaint form, briefly state the facts of his claim against each of the named defendants, and indicate the relief sought. *Id.*

On November 21, 2011, the Court received and docketed Plaintiff's proper form documents to include a Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 7, and an Amended Complaint, ECF No. 8. The Amended Complaint named state and federal courts and governmental officials in the caption and "parties" section, which were added to the Court's docket as Defendants in this case. ECF No. 8, pages 1-2. However, as in the original Complaint, Plaintiff includes a "list of affiliates" with the Amended Complaint, this time four pages long, containing hundreds of names. *Id.* at 9-12. The Amended Complaint appears to provide factual allegations regarding only seven individuals from that list, which are added to the Court's docket by an Order to be filed

contemporaneously with this Report and Recommendation.[2] The other names in Plaintiff's "list of affiliates" do not appear on the Court's docket as defendants in this action.[3]

As in the original pleading, the Amended Complaint alleges claims of mail tampering, specifically, that "legal mail from the court of law is being brought open, when I am to sign for retrieval of and then it being open in my presence as known."[4] ECF No. 8, page 14. The Amended Complaint further alleges "'imminent danger' of my life in this terrorism, the co-ercion and orchestration of this in a federal government facility, as in brief of this case 'conspiracy to obstruct justice.'" *Id.* at 13. Plaintiff again discusses a strip search and an apparent placement on suicide watch, where Plaintiff "was given a paper shirt and pants." *Id.* at 13. However, unlike the original pleading, Plaintiff's Amended Complaint contains no details regarding any type of assault in connection with his strip search. Plaintiff further complains of placement in a "black box and restraints" in August of 2009, injury to Plaintiff's left hand in October of 2011, and a "random shakedown" of Plaintiff's cell on November 4, 2011. *Id.* at 4, 13- 14. Plaintiff attaches to the Amended Complaint several exhibits to include incident reports from USP Lewisburg in October

---

[2] Plaintiff's "list of affiliates" provides the names of six officers from USP Lewisburg, and one officer from USP Hazelton, which are discussed in the body of the pleading. Plaintiff's claims against these individuals are addressed in this Report and Recommendation.

[3] It is noted that Plaintiff includes "U.S. District Court of South Carolina, Columbia District Judge Terry L. Wooten, Magistrate Judge Joseph R. McCrorey" in the "list of affiliates." ECF No. 8, page 9. However, Plaintiff provides no factual allegations in the Amended Complaint against either of the Judges assigned to this case. Therefore, United States District Judge Terry L. Wooten and United States Magistrate Judge Joseph R. McCrorey have not been added as defendants in this action.

[4] Plaintiff alleges that his legal mail has been opened outside of his presence. However, the Amended Complaint fails to provide factual allegations to support this bare statement, or identify any individual responsible for such actions.

and November of 2011, and a radiology report.. ECF No. 8-1. Plaintiff's radiology report indicates that Plaintiff's hand was examined on August 26, 2011, subsequent to Plaintiff's placement in restraints. *Id.* at 4. However, the report's conclusion states a negative or "normal" finding. *Id.* Plaintiff seeks immediate release and monetary damages as relief. [5] ECF No. 8, page 5.

## Discussion

To the extent the Amended Complaint alleges constitutional violations by state officials and agencies, the case is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Amended Complaint also names officials, employees, and agencies of the federal government. Thus, as it relates to the federal defendants, the Amended Complaint is construed as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v.*

---

[5] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

*Green*, 446 U.S. 14,18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310 n. 8 (M.D. Ala. 2001)("[T]he court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.").

As an initial matter, the Amended Complaint in this case makes no factual allegations against any of the Defendants named in the pleading's caption or "parties" section. Although the Court must liberally construe the *pro se* Amended Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Amended Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The Amended Complaint's general claim of rights being violated, absent any specific allegations against the Defendants named in the Amended Complaint's caption or "parties" section is insufficient to state a claim under § 1983/*Bivens*. Therefore, Plaintiff's claims are subject to summary dismissal as they relate to: the Supreme Court of the United States; the United States Department of Justice; the United States District Court of Boston, MA; the South Carolina Administrative Law Court; the

South Carolina Supreme Court; President Barack Obama; Former Presidents George Bush, Sr., and George W. Bush, Jr.; Vice President Joe Biden; Former [Vice] President Dick Cheney; U.S. Secretary of State Hilary Clinton; U.S. Speaker of the House Nancy Peloski[6]; U.S. Chief of Staff Rahm Emanuel; and Secretary of Defense Robert Gates.

In any event, all of the parties named in the Amended Complaint's caption and "parties" section are immune from Plaintiff's claim for damages under § 1983/*Bivens*. "While *Bivens* actions allow for recovery of money damages against federal officials . . . *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). The same is true for suits brought against agency officials in their official capacities. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). As indicated above, the Amended Complaint in this case provides no personal allegations against any of the Defendants named in the pleading's caption or "parties" section. Thus, it appears that these Defendants are sued for actions taken in their official capacities. Because the United States has not waived sovereign immunity in suits claiming constitutional torts, the Supreme Court of United States, the United States Department of Justice, the United States District Court of Boston, MA, President Barack Obama, former Presidents of the United States George Bush, Sr., George W. Bush, Jr., Vice President Joe Biden, former [Vice] President Dick Cheney, U.S. Secretary of State

---

[6] The correct spelling of this Defendant's name is Nancy Pelosi.

Hilary Clinton, U.S. Speaker of the House Nancy Peloski, U.S. Chief of Staff Rahm Emanuel, and Secretary of Defense Robert Gates are protected from any claim for damages Plaintiff may be asserting pursuant to *Bivens*. Thus, these Defendants are entitled to summary dismissal from this case.

In addition, the United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." *Id*. (citations omitted); *see also Hafer v. Melo*, 502 U.S. 21, 29 (1991). As such, the Presidential Defendants Barack Obama, George Bush, Sr., George W. Bush, Jr., and legislative Defendant Nancy Peloski are also protected by absolute immunity from Plaintiff's claim for damages. *See Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 300-301 (4th Cir. 1995)(recognizing long tradition of granting legislators at all levels of government a broad immunity from suits based upon legitimate legislative activity).

Plaintiff also names two South Carolina Courts as Defendants in this action. However, the South Carolina Administrative Law Court and the South Carolina Supreme Court are protected from a suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As the South Carolina Administrative Law Court and the South Carolina

8

Supreme Court are protected by Eleventh Amendment immunity, these Defendants are also entitled to summary dismissal from the instant action.[7]

Several correctional officers, which do not appear in the caption or "parties" section of the Amended Complaint are discussed in the body of the pleading. Liberally construed, it appears Plaintiff is alleging a claim of cruel and unusual punishment against these correctional officers. Plaintiff claims that "co-conspirators Lt. R. Miller, Jr,. J. Sheriff, S. Argensta, R. Hamilton, M. Longenburger, [and] C. Tallent." performed a "random shakedown" of Plaintiff's cell at USP Lewisburg on November 4, 2011. ECF No. 8, page 4. Plaintiff also alleges that he was "double cuffed by Captors in orchestrated ploy of plot then taken to shower by these captors and strip search by R. Hamilton, S. Argensta, [and] J. Sheriff." *Id.* at 13.[8] Plaintiff further complains of a "decoy informant" being placed in his cell under "false pretense," and of being "given a paper shirt and pants for the means of suicide." *Id.* The name of one other correctional officer employed by USP Hazelton, Ofc. B. Harrison, is listed in connection with Plaintiff's allegation that he was placed in a "black box" and "4 point restraints" on August 27, 2009. *Id.* at 14.

As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)(quoting *Gregg v. Georgia*, 428 U.S. 153, 173(1976)). Thus, under the Eighth Amendment, sentenced

---

[7] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

[8] It is unclear from the Amended Complaint whether this strip search or Plaintiff's placement on suicide watch also occurred on November 4, 2011, or some time prior to that date.

prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978),(overruled on other grounds by *Bell v. Wolfish*, 441 U.S. 520 (1979)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Further, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347; *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995); *Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir.1990).

"In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003). "[T]o demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (internal quotation marks and citation omitted); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir.1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.").

In the present case, Plaintiff provides no indication that he has been denied any basic human need. Nor does the Amended Complaint allege any serious injury from Plaintiff's strip-search, placement on suicide watch, or placement in restraints. In fact, Plaintiff provides a medical report for his allegedly injured hand indicating a "normal" or "negative" finding. As such, Plaintiff's Amended Complaint fails to state a cognizable Eighth Amendment claim of cruel and unusual punishment. Therefore, the correctional officer Defendants, Lt. R. Miller, Jr., J. Sheriff, S. Argensta, R. Hamilton, M. Longenburger, C. Tallent, and Ofc. B. Harrison, are entitled to summary dismissal from this case.[9]

Recommendation

Accordingly, it is recommended that the Amended Complaint in the above-captioned case be dismissed *without* prejudice.

December 15, 2011                                              Joseph R. McCrorey
Columbia, South Carolina                                       United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

---

[9] It is unclear why Plaintiff initiated an action against the correctional officers in this District Court as the events giving rise to the allegations did not occur in South Carolina, and none of the correctional officers are listed as residents of this State. *See* 28 U.S.C. § 1391(b). While a Court may, in the interest of justice, transfer a civil action to any other district court where it might have been brought, *see* 28 U.S.C. § 1404(a), the Amended Complaint in this case provides insufficient factual allegations to support such a transfer.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).